**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

DWAYNE E. COLLINS,

        Plaintiff,

vs.

REGIONAL TRANSPORTATION COMMISSION OF SOUTHERN NEVADA,

        Defendants.

Case No. 2:14–cv–854–JCM–VCF

**ORDER**

Before the court are *pro se* Plaintiff Dwayne E. Collins' motion to extend time (#4) and motion for appointment of counsel (#5). For the reasons stated below, Collins' motions are denied.

**I.    Collins' Motion to Extend Time is Moot**

On June 17, 2014, the court entered an order and report and recommendation directing Collins to file an amended complaint by July 8, 2014. On June 26, 2014, Collins moved to extend this deadline, arguing that he would not be able to comply because of his work schedule. Nonetheless, on July 1, 2014, Collins filed an amended complaint in compliance with the court's order. Therefore, Collins' motion to extend time to file an amended complaint is now moot.

**II.    Collins' Motion for Appointment of Counsel is Denied**

There is no constitutional right to appointed counsel in a federal civil rights. *See, e.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *op. reinstated in pertinent part*, 154 F.3d 952, 954 n. 1 (9th Cir. 1998) (en banc). Under 28 U.S.C. § 1915(e)(1), the district court may request that an attorney represent an indigent civil litigant. *See, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.1986); 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford

counsel."). While the decision to request counsel is a matter that lies within the discretion of the district court, the court may exercise this discretion to request or "appoint" counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.*

Collins' motion fails to satisfy this standard. First, Williams failed to argue that he is likely to succeed on the merits his claims. (*See* Mot. Appt. Counsel (#5) at 2–3). It is Collins' burden to demonstrate likelihood of success on the merits of his claim. *See Rand*, 113 F.3d at 1525. Second, even if Collins demonstrated a likelihood of success on his claims, which he did not, Collins has shown a superior ability to articulate and prosecute his claims *pro se*. Collins has filed sufficiently lucid, well-written, and knowledgeable motions, and complied with court rules, procedures, and deadlines. The court, therefore, finds that exceptional circumstances do not exist at this time.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Collins' motion to extend time (#4) is DENIED as moot.

IT IS FURTHER ORDERED that Collins' motion for appointment of counsel (#5) is DENIED.

IT IS SO ORDERED.

DATED this 18th day of July, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE