**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| DWAYNE COLLINS,<br><br>                    Plaintiff,<br>vs.<br><br>REGIONAL TRANSPORTATION<br>COMMISSION OF SOUTHERN NEVADA,<br><br>                    Defendant. | Case No. 2:14–cv–854–JCM–VCF<br><br>**REPORT & RECOMMENDATION** |

This matter involves *pro se* Plaintiff Dwayne E. Collins' employment-retaliation action against the Regional Transportation Commission of Southern Nevada. (*See* Amend. Compl. #6).[1] Before the court is Collins' amended complaint, which the court must screen under 28 U.S.C. § 1915(e). For the reasons stated below, the court recommends dismissing Collins' amended complaint for failure to state a claim on which relief can be granted.

**BACKGROUND**

Dwayne Collins worked in customer service from 1986 to December 2011. (*See* Amend. Compl. (#6) at 1–2). He was employed as a customer service representative and received numerous compliments from satisfied customers over the years. (*Id*. at 2). In fact, on October 10, 2011, his most recent employer, the Regional Transportation Commission of Southern Nevada, gave Collins a "Thumbs Up" award for Extraordinary Customer Service. (*Id*.)

Although Collins was awarded for this work at the Commission, he was only employed on a part-time basis. (*Id*. at 1). Collins hoped to be employed by the Commission full-time. Accordingly,

---

[1] Parenthetical citations refer to the court's docket.

when a full-time position became available, he applied. (*Id*.)

On December 12, 2011, Collins met with his manager, Kenneth Rodriguez, to discuss the full-time position. (*Id*.) Collins learned that he had not been selected for the job. (*Id*.) But, Rodriguez said that the Commission is like "family" and that Collins would "be able to get the full-time position the next time." (*Id*.) Rodriguez also explained that Collins was not selected because he "was too proud and too confident." (*Id*.) Rodriguez, Collins alleges, never said that Collins was unqualified. (*Id*.)

Confused by Rodriguez's remarks, Collins requested a copy of the human resources policy for discrimination procedure and "asked around the office for the meaning of being too confident and too proud." (*Id*. at 2). Collins met with Jill Delucca (i.e., his direct supervisor), Venetia Savala (i.e., the Senior Customer Service Representative), James Lomax (i.e., a Safety and Security Specialist), and Madelyn Reis (i.e., the Chief Union Steward). (*Id*.)

Shortly after meeting with these people, Collins' employment was terminated on December 19, 2011. Delucca and Rodriguez gave Collins a memorandum that merely stated "it was time that we part ways." (*Id*.) This was unexpected. Collins received the "Thumbs Up" award for Extraordinary Customer Service just two months before.

Collins subsequently filed an EEOC claim. In response, the Commission stated that it terminated Collins because he did not meet the customer service standards. One time, the Commission stated, Collins "flirted" with a customer while working.

On June 2, 2014, Collins commenced this action. He alleges that the Regional Transportation Commission of Southern Nevada slandered and defamed him by calling him during the EEOC proceeding. (*Id*.) Additionally, Collins alleges that the Commission retaliated against him because he inquired into the meaning of being "too proud and too confident." (*Id*.)

On June 17, 2014, this court granted Collins *in-forma-pauperis* status and entered an order and report and recommendation, recommending that the Honorable James C. Mahan, U.S. District Judge dismiss Collins' action for lack of subject-matter jurisdiction, unless Collins files an amended complaint by July 8, 2014. On July 1, 2014, Collins complied. His amended complaint states causes of action under three federal statutes: the Clean Air Act, 42 U.S.C. § 7622(a)(1), Americans with Disabilities Act, 42 U.S.C. §12203(a)–(b), and Fair Labor Standards Act 29 U.S.C. 215(a)(3). The court now screens Collins' amended complaint under 28 U.S.C. § 1915(e).

## LEGAL STANDARD

After a court grants a plaintiff *in-forma-pauperis* status, it must review the operative complaint to determine whether it is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e). This review is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. at 680. The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure for determining whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id*. at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id*. at 681.

3

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id*. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted).

If the factual allegation, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id*. (citing FED. R. CIV. P. 8(a)(2)).

However, where a *pro se* litigant is involved, courts are directed to hold the litigant to "less stringent standards." *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Rowe*, 449 U.S. 5, 10 n. 7 (1980). "Such litigants often lack the resources and freedom necessary to comply with the technical rules of modern litigation." *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 244–45 (3d Cir. 2013) (citing *Moore v. Florida*, 703 F.2d 516, 520 (11th Cir. 1983)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

**DISCUSSION**

Collins' amended complaint states a state-law cause of action for defamation and a federal claim for retaliation under three statutes: the Clean Air Act, 42 U.S.C. § 7622(a)(1), and Americans with Disabilities Act, 42 U.S.C. §12203(a)–(b), and the Fair Labor Standards Act, 29 U.S.C. § 255(a). Each of Collins' claims is discussed below.

The court first recommends dismissing Collins' defamation claim because the alleged defamatory statement (i.e., that Collins "flirted" with a customer) was made during a quasi-judicial proceeding before the EEOC. (*See* Amend. Compl. (#6) at 2). To state a claim for defamation, a plaintiff must demonstrate "'(1) a false and defamatory statement by [a] defendant concerning the plaintiff, (2) an unprivileged publication to a third person, (3) fault, amounting to at least negligence, and (4) actual or presumed damages.'" *Pegasus v. Reno Newspapers*, 118 Nev. 706, 57 P.3d 82, 90 (2002) (citing *Chowdhry v. NLVH, Inc*., 109 Nev. 478, 851 P.2d 459, 462 (1993)).

However, an alleged defamatory statement made in connection with a quasi-judicial proceeding, including EEOC proceedings, are not actionable. *Long v. Marubeni America Corp.*, 406 F. Supp. 2d 285, 294 (S.D.N.Y. 2005) (citing ROBERT D. SACK, SACK ON DEFAMATION: LIBEL, SLANDER, AND RELATED PROBLEMS, § 8.2.1.4 at 8–14 (2004) ("Parties to litigation have an "absolute privilege ... for defamatory statements made prior to, in the institution of, or during the course of, a proceeding."); *Bernstein v. Seeman*, 593 F.Supp.2d 630 (S.D.N.Y. 2009) (holding that the judicial privilege encompasses EEOC proceedings).

Second, the court recommends dismissing Collins' Clean-Air-Act claim because the Act's protections are inapplicable to Collins' grievance. The Clean Air Act aims to "protect and enhance the quality of the nation's air resources." 42 U.S.C. 7401(b). To further this goal, the Act contains a whistleblower or anti-retaliation provision, *see* 42 U.S.C. § 7622(a)(1), on which Collins' amended complaint states a claim for relief. (*See* Amend. Compl. (#6) at 2). The Clean Air Act is inapplicable to Collins' grievance.

Third, the court recommends dismissing Collins' Americans-with-Disabilities-Act claim because the Act's protections are inapplicable to Collins' grievance. Like the Clean Air Act, the Americans with Disabilities Act ("ADA") contains an anti-retaliation provision. It provides that "[n]o person shall

discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter. 42 U.S.C. § 12203(a); s*ee also Alvarado v. Cajun Operating Co*., 588 F.3d 1261, 1264 (9th Cir. 2009). However, like the Clean Air Act, the ADA's anti-retaliation provision only protects conduct proscribed by the act. Here, Collins does not alleged to be disabled or to have been terminated because of a disability. Therefore, the ADA is inapplicable to Collins' grievance.

Fourth, the court recommends dismissing Collins' claim under the Fair Labor Standards Act ("FLSA") for the same reasons stated above. The FLSA contains an anti-retaliation provision. 29 U.S.C. § 215(a)(3). However, like the Clean Air Act and the ADA, the FLSA only prohibits employers from retaliating against employees for engaging in activity protected by the statute. The FLSA's activity, which is outlined by 29 U.S.C. § 215(a), concerns minimum wage, maximum work hours, child labor, and data collection. These provisions are inapplicable to Collins' grievance.

Therefore, the court recommends dismissing Collins' action with prejudice. On June 17, 2014, the court reviewed Collins' original complaint and determined that it should be dismissed because it failed to invoke the court's limited power of subject-matter jurisdiction. On July 1, 2014, Collins responded to the court's recommendation by filing the instant amended complaint. The amended complaint cites federal statues, which grant this court jurisdiction. However, for the reasons stated above, the federal statutes that Collins cites do not state a plausible claim under Rule 8.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Collins' defamation, slander, and federal claims under the Clean Air Act, 42 U.S.C. § 7622(a)(1), Americans with Disabilities Act, 42 U.S.C. §12203(a)–(b), and Fair Labor Standards Act 29 U.S.C. 215(a)(3) be DISMISSED with prejudice.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2.

DATED this 9th day of September, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE