UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DWAYNE COLLINS, | Case No. 2:14-CV-854 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| REGIONAL TRANSPORTATION COMMISSION OF SOUTHERN NEVADA, | |
| Defendant(s). | |

Presently before the court is the report and recommendation of Magistrate Judge Ferenbach. (Doc. # 9). The magistrate judge recommends that *pro se* plaintiff Dwayne E. Collins' amended complaint be dismissed for failing to state a claim upon which relief can be granted. Plaintiff filed an objection to the report. (Doc. # 10).

**I.   Background**

This matter involves plaintiff's employment-retaliation action against the Regional Transportation Commission of Southern Nevada ("RTC"). Plaintiff worked in customer service from 1986 through December 2011. (Doc. # 6). He was employed as a customer service representative and received numerous compliments from satisfied customers over the years. (*Id.*). Plaintiff even received an award in October 2011 from his employer, RTC, for extraordinary customer service. (*Id.*).

Plaintiff was employed only on a part-time basis with RTC. (*Id.*). When a full time position became available, he applied. (*Id.*). Plaintiff was not selected for the position. (*Id.*). On December 12, 2011, plaintiff met with his manager, Kenneth Rodriguez, to discuss the position. When plaintiff asked why he had not been selected for the job, Rodriguez explained

**James C. Mahan**
**U.S. District Judge**

1  that plaintiff "was too proud and too confident." (*Id.*).  Plaintiff alleges Rodriguez never said that
2  plaintiff was unqualified. (*Id.*).  Plaintiff then met with Jill Delucca (his direct supervisor),
3  Venetia Savala (the senior customer service representative), James Lomax (a safety and security
4  specialist), and Madelyn Reis (the chief union steward) to discuss why he was passed over. (*Id.*).
5  Plaintiff was terminated on December 19, 2011, shortly after meeting with these people.
6  Delucca and Rodriguez gave plaintiff a memorandum that merely stated "it was time that we part
7  ways." (*Id.*).  Plaintiff had received the award for extraordinary customer service just two
8  months prior to his termination.
9  Plaintiff subsequently filed an EEOC claim.  In response, RTC stated that it terminated
10 plaintiff because he did not meet the customer service standards.  On June 2, 2014, plaintiff
11 commenced the instant action.  He alleges that RTC slandered and defamed him during the
12 EEOC proceeding by alleging that plaintiff "flirted" with a customer while working one time.
13 (*Id.*)  Additionally, plaintiff alleges that RTC retaliated against him because he inquired into the
14 meaning of being "too proud and too confident." (*Id.*)
15 On June 17, 2014, the magistrate judge granted plaintiff's *in forma pauperis* status and
16 ordered plaintiff to file an amended complaint by July 8, 2014.  On July 1, 2014, plaintiff
17 complied.  His amended complaint states causes of action under three federal statutes: the Clean
18 Air Act, 42 U.S.C. § 7622(a)(1), Americans with Disabilities Act, 42 U.S.C. §12203(a)–(b), and
19 Fair Labor Standards Act 29 U.S.C. 215(a)(3).  (Doc. # 6).  The magistrate judge screened
20 plaintiff's amended complaint under 28 U.S.C. § 1915(e) and recommends that plaintiff's
21 amended complaint be dismissed for failing to state a claim upon which relief can be granted.

22 **II.     Legal Standard**

23 This court "may accept, reject, or modify, in whole or in part, the findings or
24 recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).  Where a party timely objects
25 to a magistrate judge's report and recommendation, then the court is required to "make a *de novo*
26 determination of those portions of the [report and recommendation] to which objection is made."
27 28 U.S.C. § 636(b)(1).
28 . . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

### III.  Discussion

Plaintiff's amended complaint states a state-law cause of action for defamation and a federal claim for retaliation under three statutes: the Clean Air Act, 42 U.S.C. § 7622(a)(1), Americans with Disabilities Act, 42 U.S.C. §12203(a)–(b), and Fair Labor Standards Act 29 U.S.C. 215(a)(3).  (Doc. # 6).

The magistrate judge recommends dismissing plaintiff's defamation claim because the alleged defamatory statement—that plaintiff flirted with a customer—was made during a quasi-judicial proceeding before the EEOC.  (Doc. # 6).  To state a claim for defamation, a plaintiff must demonstrate "'(1) a false and defamatory statement by [a] defendant concerning the plaintiff, (2) an unprivileged publication to a third person, (3) fault, amounting to at least negligence, and (4) actual or presumed damages.'" Pegasus v. Reno Newspapers, 118 Nev. 706, 57 P.3d 82, 90 (2002) (citing *Chowdhry v. NLVH, Inc.*, 851 P.2d 459, 462 (Nev. 1993)).

An alleged defamatory statement made in connection with a quasi-judicial proceeding, including EEOC proceedings, is not actionable.  *See, e.g.*, *Mazzeo v. Gibbons*, 649 F. Supp. 2d 1182, 1201 (D. Nev. 2009); *Pope v. Motel 6*, 121 Nev. 307, 318 (Nev. 2005); *Spitzmesser v. Tate Snyder Kimsey Architects, LTD.*, No. 2:10-CV-01700-KJD-LRL, 2011 WL 2552606, at *5 (D. Nev. June 27, 2011); *Long v. Marubeni America Corp.*, 406 F. Supp. 2d 285, 294 (S.D.N.Y. 2005) (citing Robert ROBERT D. SACK, SACK ON DEFAMATION: LIBEL, SLANDER, AND RELATED PROBLEMS, § 8.2.1.4 at 8–14 (2004) ("Parties to litigation have an "absolute privilege . . . for defamatory statements made prior to, in the institution of, or during the course of, a proceeding."); *Bernstein v. Seeman*, 593 F. Supp. 2d 630 (S.D.N.Y. 2009) (holding that the judicial privilege encompasses EEOC proceedings).  Accordingly, even if the statement that plaintiff "flirted" with a customer could be viewed as defamatory, the statements from the EEOC proceeding have absolute privilege.

Second, the magistrate judge recommends dismissing plaintiff's Clean Air Act claim because the act's protections are inapplicable to plaintiff's grievance.  The Clean Air Act aims to "protect and enhance the quality of the nation's air resources."  42 U.S.C. 7401(b).  To further this goal, the act contains a whistleblower or anti-retaliation provision on which plaintiff's

James C. Mahan
U.S. District Judge

- 3 -

amended complaint purports to state a claim for relief. *See* 42 U.S.C. § 7622(a)(1). The Clean Air Act is inapplicable to plaintiff's grievance.

Third, the magistrate judge recommends dismissing plaintiff's Americans with Disabilities Act claim because the act's protections are inapplicable to plaintiff's grievance. Like the Clean Air Act, the Americans with Disabilities Act ("ADA") contains an anti-retaliation provision. It provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter. 42 U.S.C. § 12203(a); *see also Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1264 (9th Cir. 2009). However, like the Clean Air Act, the ADA's anti-retaliation provision protects only conduct proscribed by the act. Here, plaintiff does not allege to be disabled or to have been terminated because of a disability. Therefore, the ADA is inapplicable to plaintiff's grievance.

Fourth, the magistrate judge recommends dismissing plaintiff's claim under the Fair Labor Standards Act ("FLSA") for the same reasons stated above. The FLSA contains an anti-retaliation provision that, like the Clean Air Act and the ADA, prohibits employers from retaliating against employees for engaging in activity protected by the statute. *See* 29 U.S.C. § 215(a)(3). The FLSA's activity concerns minimum wage, maximum work hours, child labor, and data collection. *See* 29 U.S.C. § 215(a). These provisions are inapplicable to plaintiff's grievance.

For the reasons stated above, the federal statutes that plaintiff cites do not state a plausible claim under Rule 8. Therefore, the magistrate judge recommends dismissing plaintiff's action with prejudice.

Plaintiff objects to the report and recommendation stating that Magistrate Judge Ferenbach has "failed to direct him appropriately as Pro Se according to *Haines v. Kerner*, 404 U.S. 519, 520 (1972)." (Doc. # 10). Plaintiff states essentially that, because he is a *pro se* litigant, he lacks the technical abilities to prosecute his case. Therefore, plaintiff believes

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  Magistrate Judge Ferenbach and this court owe him a duty to direct him to the laws that best
2  support his claims.

3        The court does not, as plaintiff suggests, have any duty to direct *pro se* plaintiffs to the
4  laws that best support their claims and *Haines* does not stand for that proposition. *Haines* dealt
5  with allegations of a *pro se* complaint of state prisoner who sought to recover damages for
6  claimed injuries and deprivation of rights while placed in solitary confinement. *See id.* at 520.
7  Haines had been placed in solitary confinement as a disciplinary measure after he struck another
8  inmate on the head with a shovel following a verbal altercation. *See id.* Haines' complaint
9  included general allegations of physical injuries suffered while in disciplinary confinement and
10 denial of due process in the steps leading to that confinement. *See id.*

11       The district court dismissed Haines' claims under Rule 12(b)(6) for failure to state a
12 claim upon which relief could be granted. *See id.* The Supreme Court held that the district court
13 erred in dismissing Haines' *pro se* complaint without allowing him to present evidence on his
14 claims. *See id.* The court could not say with assurance that it appeared 'beyond doubt that the
15 plaintiff [could] prove no set of facts in support of his claim which would entitle him to
16 relief.' *Id.* at 520-521 (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). However
17 "inartfully pleaded," Haines' allegations were sufficient to call for the opportunity to offer
18 supporting evidence. *See id.*

19       Here, unlike *Haines*, the court can say beyond doubt that the plaintiff can prove no set of
20 facts in support of his claims which would entitle him to relief. An alleged defamatory statement
21 made in connection with a quasi-judicial proceeding, such as EEOC proceedings, is not
22 actionable. Further, plaintiff's claims under the Clean Air Act, 42 U.S.C. § 7622(a)(1),
23 Americans with Disabilities Act, 42 U.S.C. §12203(a)–(b), and Fair Labor Standards Act, 29
24 U.S.C. 215(a)(3), are inapplicable to plaintiff's grievance.

25       Even with the liberal standard applied to *pro se* litigants, the court cannot discern any
26 cause(s) of action plaintiff may have.

27 . . .
28 . . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

**IV.    Conclusion**

After conducting a *de novo* review, the court concludes that the complaint fails to state a claim upon which relief may be granted.  The magistrate judge's report and recommendation are adopted in their entirety.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Magistrate Judge Ferenbach's report and recommendation (doc. # 9) be, and the same hereby is, ADOPTED in its entirety.

IT IS FURTHER ORDERED that plaintiff's amended complaint (doc. # 6) be, and the same hereby is, DISMISSED with prejudice.  The clerk is instructed to close the case.

DATED December 19, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**